# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED R. GONZALES, | CASE NO. 1:09-cv-00946-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| R. VILLAREAL, et al., | (Doc. 7) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Order Following Screening of First Amended Complaint**

I.  **Background**

   A.  **Procedural History**

Plaintiff Alfred R. Gonzales ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On June 1, 2009, Plaintiff initiated this action by filing his complaint. On October 14, 2009, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint within thirty days. On December 2, 2009, Plaintiff filed his first amended complaint. The Court will construe Plaintiff's complaint as timely filed.

   B.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of First Amended Complaint**

Plaintiff is currently incarcerated at Kern Valley State Prison.  Plaintiff was previously incarcerated at California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: R. Villareal, W. Bennett, and Baires.  Plaintiff alleges retaliation in violation of the First Amendment,  failure to protect in violation of the Eighth Amendment, and denial of due process under the Fourteenth Amendment.  Plaintiff requests as relief compensatory and punitive damages, and declaratory relief.

Plaintiff alleges the following.  On June 3, 2007, during a modified lockdown, Plaintiff's cell door was open without reason by Defendant R. Villareal, the control tower officer.  (FAC 1.)[1]  An inmate from another cell entered Plaintiff's cell and attacked him.  (FAC 1.)  While Plaintiff was fending off his attacker, Defendant Bennett responded to the incident by pepper-spraying both individuals.  (FAC 1.)  Both were taken to administrative segregation ("ad seg").

---

[1] All subsequent references to page number refer to Plaintiff's page numbering.

(FAC 1.) On June 25, 2007, Plaintiff was released from ad seg and issued a 115 Rule Violation Report ("RVR") for mutual combat necessitating force. (FAC 1.) Defendant Bennett authored the report. (FAC 1.) Plaintiff appealed this RVR. (FAC 1.) Plaintiff also investigated why he was attacked at all. (FAC 1.) Plaintiff confronted Defendant Villareal about the attack, and Defendant Villareal responded that it was an accident. (FAC 1.) Plaintiff was then placed in ad seg, allegedly on confidential information that he planned to assault another correctional officer, which was false. (FAC 1.)

Plaintiff was found guilty by Defendant Lieutenant Baires of mutual combat. (FAC 1.) This finding was later reversed. (FAC 6.) Defendant Baires also recommended that Plaintiff be transferred to another prison due to enemy concerns, even though there was no evidence of such concerns. (FAC 1.)

### III.   Analysis

#### A.   Due Process

Plaintiff alleges a violation of due process. "To establish a violation of substantive due process..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *see County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Here, Plaintiff's claims are explicitly analyzed under the First and Eighth Amendment.

#### B.   Eighth Amendment - Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the inmate must establish that prison officials were deliberately indifferent to a substantial risk of serious harm to the inmates's safety.

1  *Farmer*, 511 U.S. at 834.  To demonstrate that a prison official was deliberately indifferent to a
2  serious threat to an inmate's safety, the inmate must show that the "the official [knew] of and
3  disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from
4  which the inference could be drawn that a substantial risk of harm serious harm exists, and [the
5  official] must also draw the inference." *Id.* at 837.

6      It is obvious that being attacked by another inmate is a serious harm.  Thus, the remaining
7  issue is whether Defendant Villareal was deliberately indifferent to a substantial risk of such
8  harm.  Plaintiff's pleadings fail to support a claim of an Eighth Amendment violation against
9  Defendant Villareal.  Plaintiff's pleadings indicate that Defendant Villareal accidentally opened
10 Plaintiff's cell, allowing another inmate to attack Plaintiff.  The amended complaint does not
11 show that Defendant Villareal knew of a risk of an attack on Plaintiff prior to its occurrence.
12 Thus, Plaintiff has not alleged that Defendant Villareal acted with deliberate indifference to a
13 serious theat to Plaintiff's safety.  Plaintiff thus fails to state a cognizable Eighth Amendment
14 claim.

15     **C.**    **First Amendment - Retaliation**

16     Allegations of retaliation against a prisoner's First Amendment rights to speech or to
17 petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532
18 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*
19 *Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First
20 Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some
21 adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
22 such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
23 not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-
24 68 (9th Cir. 2005).

25     Plaintiff has failed to allege that he engaged in protected conduct under the First
26 Amendment.  Any adverse action on the part of Defendants must be taken against Plaintiff
27 *because of* Plaintiff's protected constitutional conduct.  For example, an allegation of retaliation
28 against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim

under § 1983. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). Here, however, Plaintiff has not demonstrated that he engaged in protected conduct such that Defendant Baires, Bennett, and Villareal took allegedly adverse action against him because of that conduct.

Plaintiff alleges that he was investigating the circumstances of his assault when the adverse action was subsequently taken against him. (FAC 4.) It is unclear what investigation Plaintiff undertook, though it appears from the amended pleadings that Plaintiff directly asked Defendant Villareal about why he had opened Plaintiff's cell door. This is not First Amendment-protected activity. Plaintiff fails to allege that he engaged in any First Amendment-protected activity. Without a First Amendment-protected activity, there is no claim for First Amendment retaliation. Accordingly, Plaintiff fails to state a claim for retaliation.

### IV.     Conclusion and Order

Plaintiff fails to state any cognizable claims against any Defendants. Plaintiff was previously provided with an opportunity to amend his complaint and cure the deficiencies identified, but has been unable to do so. Further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The Clerk of the Court is directed to close this action. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 15, 2010**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE